# APPEAL NO.: 23-13942-JJ

## IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

———————————————

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE,

v.

RYAN REEVES,
DEFENDANT-APPELLANT

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CASE NO.: 7:22-CR-00026-HL-TQL-1

# APPELLANT'S PRINCIPAL BRIEF

———————————————

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel: (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Reeves

*U.S. v. Reeves 23-13942*

## Appellant's Certificate of Interested Persons and Corporate Disclosure Statement

The undersigned appellate counsel of record for Appellant, Ryan Reeves, in compliance with Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, certifies that the following listed persons and parties have an interest in the outcome of this case:

**Adaway, Chauntilia K.**, Attorney for Defendant-Appellant, Reeves, Assistant Federal Defender, Federal Defenders of the Middle District of Georgia;

**Bell, Joshua C.**, Attorney for Co-Defendant; Jennifer Lynn McGrotha;

**Conway, Byron, L, Jr.**, Executive Director Federal Defenders of the Middle District of Georgia;

**Couch, Hannah**, Assistant United States Attorney, Middle District of Georgia;

**Dodson, Jonathan**, former Appellate Attorney for Defendant-Appellant, Reeves, Assistant Federal Defender, Federal Defenders of the Middle District of Georgia, Inc.;

**Edwards, John Gee**, Attorney for Co-Defendant, Jennifer Lynn McGrotha;

*U.S. v. Reeves 23-13942*

**Ellis, Melody Z.**, Assistant United States Attorney, Middle District of Georgia;

**Langstaff, Thomas Q.**, United States Magistrate Judge, Middle District of Georgia;

**Leary, Peter D.**, United States Attorney, Middle District of Georgia;

**Lee, Jessica, M.**, Attorney for Defendant-Appellant, Reeves, Assistant Federal Defender, Federal Defenders of the Middle District of Georgia, Inc.;

**McClary, Danisha L.**, Attorney for Defendant-Appellant, Ryan Reeves, Assistant Federal Defender, Federal Defenders of the Middle District of Georgia;

**McEwen, Leah E.**, Assistant United States Attorney, Middle District of Georgia;

**McGrotha, Jennifer Lynn**, Co-Defendant;

**Reeves, Ryan Loyd**, Defendant-Appellant;

**Lawson, Hugh**, District Court Judge, United States District Court, Middle District of Georgia;

**Walker, Stuart**, Assistant United States Attorney, Middle District of Georgia;

**Weigle, Charles H.**, Magistrate Court Judge, United States District

*U.S. v. Reeves 23-13942*

Court, Middle District of Georgia;

**Victims:** There are no identifiable victims in this case.; and,

No publicly traded company or corporation has an interest in the outcome of this appeal.

## Statement Regarding Oral Argument

Mr. Reeves leaves oral argument to the discretion of the Court.

# Table of Contents

Appellant's Certificate of Interested Persons and Corporate Disclosure Statement .......................................................................... C1 of 2

Statement Regarding Oral Argument ......................................................i

Table of Contents ................................................................................ 1

Table of Authorities............................................................................. 1

Statement of Subject Matter and Appellate Jurisdiction ....................... 1

Statement of the Issues........................................................................ 2

Statement of the Case ......................................................................... 3

   A. Course of Proceeding ................................................................... 3

   B. Statement of Facts...................................................................... 5

   C. Standard of Review................................................................... 12

Summary of the Argument ................................................................ 13

Argument and Citation of Authority ................................................. 14

Conclusion ....................................................................................... 21

Certificate of Compliance.................................................................. 22

Certificate of Service ........................................................................ 23

# Table of Authorities

## Cases

*Cosby v. Jones*,
682 F.2d 1373, 1383 (11th Cir. 1982)......................................................14

*United States v. Cooper*,
203 F.3d 1279, 1285 (11th Cir. 2000)......................................................14

*United States v. Derose*,
74 F.3d 1177, 1185 (11th Cir. 1996)........................................................16

*United States v. Faust*,
 456 F.3d 1342, 1345. (11th Cir. 2006)....................................................16

*United States v. Gil,*
204 F.3d 1347, 1349 (11th Cir. 2000)......................................................14

*United States v. Isnadin*,
742 F.3d 1278, 1303 (11th Cir. 2014)......................................................16

*United States v. Leonard*,
138 F.3d 906 (11th Cir. 1998)..................................................................20

*United States v. LeQuire*,
943 F.2d 1554 (11th Cir. 1991)................................................................18

*United States v. Lopez-Ramirez*,
68 F.3d 438 (11th Cir. 1995)....................................................................20

*United States v. Louis*,
861 F.3d 1330, 1333 (11th Cir. 2017)......................................................14

*United States v. Lyons*,
53 F.3d 1198, 1201 (11th Cir. 1995)........................................................20

*United States v. Poole*,
878 F.2d 1389, 1392 (11th Cir. 1989)......................................................22

*United States v. Woodward*,

531 F.3d 1352 (11th Cir. 2008) .................................................................. 16

## Statutes

18 U.S.C. §3231 ...................................................................................... 2

18 U.S.C. §3742 ...................................................................................... 3

21 U.S.C. §841(a)(1) ............................................................................... 5

21 U.S.C. §841(b)(1)(A)(viii) ................................................................ 5

21 U.S.C. §841(b)(1)(C) .......................................................................... 5

28 U.S.C. §1291 ...................................................................................... 3

## Rules

11th Cir. R. 26.1-1 ................................................................................. 1

11th Cir. R. 32-4 .................................................................................. 24

Fed. R. App. P. 26.1 ............................................................................... 1

Fed. R. App. P. 32 (a)(7) ..................................................................... 24

Fed. R. App. P. 32(a)(7)(B)(i) ........................................................... 24

Fed. R. App. P. 4(b)(1)(A)(i) ................................................................ 3

## Statement of Subject Matter and Appellate Jurisdiction

This is a direct appeal in a criminal proceeding in the United States District Court for Middle District of Georgia, Valdosta Division. The district court had jurisdiction of this case pursuant to 18 U.S.C. §3231 because the defendant was charged with an offense against the laws of the United States. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742, which gives the courts of appeals jurisdiction over all final decisions and sentences of the district courts of the United States. The district court imposed sentence and entered the final judgment on November 16, 2023. Mr. Reeves filed his notice of appeal on November 30, 2023, making his appeal timely pursuant to Fed. R. App. P. 4(b)(1)(A)(i).

## Statement of the Issues

I.   THE CONVICTION OF MR. REEVES FOR POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE MUST BE REVERSED, BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT.

## Statement of the Case

A. Course of Proceeding

A federal grand jury in the Middle District of Georgia indicted Mr. Reeves for (Count 1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(viii) and (Count 2) Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C) on August 9, 2022. (Doc. 1).[1] An arrest warrant was issued, and Mr. Reeves had his initial appearance on August 25, 2022. Mr. Reeves appeared via video for his arraignment and entered his not guilty plea. (Doc. 18). He was ordered temporarily detained pending his bail hearing. (Doc. 19). On August 29, 2022, a bail hearing was held, and Mr. Reeves was ordered detained pending final resolution of his case. (Doc. 25).

On July 19, 2023, a jury trial was held, and Mr. Reeves was found guilty of Count 1 and not guilty of Count 2. The U.S. Probation Office filed a draft presentence report on October 3, 2023. (Doc. 99). The U.S. Probation Office calculated Mr. Reeves sentencing guideline range to be 151 to 188 months on a base offense level of 32 and Criminal History

category of III. (Doc. 99 at 15). No objections were filed by either party. The final presentence report was filed on November 8, 2023. (Doc. 103).

The district court sentenced Mr. Reeves on November 16, 2023 to 151 months to run consecutive to the pending case in Thomas County, Georgia. (Doc. 107). The final judgment was filed the same day. *Id.* Mr. Reeves filed his timely notice of appeal on November 30, 2023. (Doc. 110). This appeal follows.

---

[1] Undersigned counsel refers to the record on appeal as (Doc. X).

## B. Statement of Facts

i.    <u>Offense Conduct- Traffic stop on October 26, 2021</u>

On October 26, 2021, officers in Thomas County, Georgia received information that Mr. Reeves and Jennifer McGrotha were traveling with suspected controlled substances. (Doc. 103 at 3-4). Officers observed Jennifer McGrotha's vehicle pull into the parking lot of Dollar General and conducted a traffic stop. *Id.* Officer deployed a canine unit who alerted to the presence of drugs in the vehicle. *Id.*

Officers located 313 grams of methamphetamine in the passenger-side fender well and 6.079 grams of heroin in the center console. *Id.* Mr. Reeves and Jennifer McGrotha were both detained. *Id.*

ii.    <u>Court Proceedings</u>

After the arrest, Mr. Reeves was released on bond on July 12, 2022. (Doc. 103). The federal grand jury indicted Mr. Reeves and Ms. McGrotha on August 9, 2022. An arrest warrant was issued, and Mr. Reeves was detained on August 24, 2022. Mr. Reeves had his initial appearance and arraignment on August 25, 2022. After a bail hearing, he was ordered detained pending final resolution of his case on August 29, 2022. (Doc. 25).

Mr. Reeves filed a Motion for Review of Detention on September 12, 2022. (Doc. 27). A hearing was set for September 20, 2022 and ultimately denied by the district court. Mr. Reeves remained in U.S. Marshal custody.

    iii.   <u>Jury Trial</u>

On July 19, 2023, a jury trial was held in Valdosta, Georgia against Mr. Reeves. His co-defendant, Jennifer McGrotha, pled guilty to count one of the indictment on May 11, 2023. (Doc. 103).

After jury selection, the government presented six witnesses: 1) Captain Jerome Burgess, 2)Investigator Keith Drawdy, 3) Officer Tyler Lamons, 4) Amanda Pneuman, 5) Jeffrey Lamb and 6)co-defendant, Jennifer McGrotha.

Captain Burgess testified first and told jurors that he and Investigator Drawdy were the first officers to arrive on scene and stopped Mr. Reeves and Ms. McGrotha. (Doc. 120 at 30). Mr. Reeves was driving the vehicle and Ms. McGrotha was in the passenger side. *Id.* Captain Burgess deployed his K-9 unit who alerted to the vehicle. (Doc. 120 at 31). Officers then located narcotics in the front passenger

side fender wrapped in black electrical tape. *Id.* Captain Burgess secured the package and placed it on his vehicle. *Id.*

Investigator Drawdy then testified that he was present with Captain Burgess when he searched Jennifer McGrotha's vehicle. (Doc. 120 at 42). After the K-9 alerted, Investigator Drawdy searched the interior of the vehicle and found a "bluish and orange-colored little sack, zipper sack" in the center console. (Doc. 120 at 43). Investigator Drawdy opened the sack and located "multiple bags" of suspected narcotics. *Id.* Investigator Dawdy secured the items and placed them in a brown bag. *Id.* Investigator Dawdy also testified that he opened the ball wrapped in electrical tape found by Captain Burgess. (Doc. 120 at 47). After unwrapping the ball, he found suspected methamphetamine wrapped up in blue shop towels. (Doc. 120 at 48).

Next, Officer Lamon testified that he was on scene and took the packages to send them to the crime lab for testing. (Doc. 120 at 60-61). Officer Lamon was also present during the interviews of Jennifer McGrotha. Jennifer was interviewed two times and disclosed during her interview that there were additional drugs in the "intake air filter box underneath the hood of the vehicle." (Doc. 120 at 64-65). Officer Lamon

7

found another "ball in shape with black electrical tape wrapped around it, similar to the previous item that was located inside the vehicle." (Doc. 120 at 65; 11-13). Office Lamon also made the decision to not request fingerprint analysis nor DNA testing on the items collected.

Amanda Pneuman, a senior forensic chemist for the Drug Enforcement Administration, was called to testify next. Ms. Pneuman was responsible for weighing and testing the heroin. She determined the net weight of the heroin was 6.079 grams. (Doc. 120 at 88). Next, Jeffrey Lamb, another forensic chemist, tested Government's exhibit #15 and #17. (Doc. 120 at 97-98). Mr. Lamb determined both exhibits were methamphetamine with a purity level of 96% and 95% respectively. *Id*.

The last witness to testify was co-defendant, Jennifer McGrotha. In her testimony, Jennifer McGrotha told the jury that she asked Ryan to go with her to pick-up the drugs in Peachtree City. (Doc. 120 at 107). She admitted that she has bought drugs "countless times" and is a drug-user, in particular methamphetamine and heroin. She discussed using the drugs and the effects it has on her and has had on her memory. She admits that "I just can't remember certain things of

everything" and that "some things that is brought up I can remember, but not everything." (Doc. 120 at 112; 9-11). She testified that on the day in question, two years ago, she asked Ryan to go with her to purchase "like 3 or 4 ounces of methamphetamine and 7 grams of heroin." (Doc. 120 at 112; 22-23). She said her plan was to "probably going to keep most of it [drugs] and sell a little bit of it." (Doc. 120 at 114-115). Further, that she would sell to "two or three" customers she normally dealt with in order to support her drug habit. (Doc. 120 at 117). Jennifer testified that she gave the money to Mr. Reeves and then went somewhere with another girl. She said when she returned, the drugs were there and that she "seen the meth and heroine." (Doc. 120 at 118). She said the meth was in a bag and the heroin was separate. She then placed the methamphetamine in her car.

> Q: Where did you put them?
> A: In my air filter.
> (Doc. 120 at 119; 18-19).

She again reiterated that the heroin was in the car with her and then she put the methamphetamine in the air filter.

> Q: Okay. So, the heroin came in the car.
> A: And I put my meth in the air filter in my car.

9

Q: All right. Now, at some point did anything get added to the
outside of the meth before it went into the air filter.

A: I'm not sure. Not that I know of. (Doc. 120 at 120; 9-12).

She then told jurors that she did some heroin in her car. The
government asked Jennifer where Ryan was during that time. She
testified that she saw him at the front right tire but did not know what
he was doing: "I really wasn't paying attention. I just know he was
doing something there." (Doc. 120 at 122; 2-3). They then left Peachtree
city and headed back towards Thomas County. Along the way, they
made a stop at a motel so Jennifer could use more drugs. (Doc. 120 at
123).

The government then asked Jennifer about her interviews she
made once she was arrested. She testified that during her first
interview she got "dope sick" or started having withdrawals and became
very ill. (Doc. 120 at 124). She was then interviewed a second time and
told officers about the additional drugs in the air filter. (Doc. 120 at
125).

During cross-examination, Jennifer admitted that during her first
interview, she told Agent Lamon about seven or eight ounces of
methamphetamine being bought on their trip, which was different than

the quantity she testified to during her direct. (Doc. 120 at 129). She also admitted that her sister Morgan knew the dealer, but testified that her sister introduced Ryan to them, and not her. (Doc. 120 at 130). She tells the jury again that she was selling drugs to pay for her car and her heroin. (Doc. 120 at 133). The government then rested.

After closing statements and jury instructions, the jury returned a verdict of guilty to Count One, Possession with Intent to Distribute Methamphetamine and not guilty to Count Two, Possession with Intent to Distribute Heroin. (Doc. 85).

    iv. <u>Sentencing</u>

The district court held the sentencing hearing for Mr. Reeves on November 16, 2023. The U.S. Probation Office calculated Mr. Reeves sentencing guideline range to be 151 to 188 months based on an offense level of 32 and criminal history category of III. (Doc. 103 at 15). During the hearing, Mr. Reeves discussed that his criminal history is over-represented, and that the majority of his crimes were for misdemeanors or possession of drug charges due to being a drug addict. (Doc. 117 at 5). He has no history of violent criminal history and asked the district court to sentence him to 120 months, the mandatory minimum in the

case. The district court sentenced him to 151 months and five years of supervised release to follow. (Doc. 107).

## C. Standard of Review

Whether the evidence is sufficient to sustain a defendant's conviction is a question of law which this Court reviews *de novo*. *United States v. Gil,* 204 F.3d 1347, 1349 (11th Cir. 2000). This Court then reviews the evidence in the light most favorable to the government "to determine whether a reasonable jury, choosing among reasonable constructions of the evidence, could have found that the defendant was guilty beyond a reasonable doubt." *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000). "If the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Louis*, 861 F.3d 1330, 1333 (11th Cir. 2017) (quoting *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982)).

## Summary of the Argument

There was insufficient sufficient evidence for a reasonable factfinder to conclude that Mr. Reeves was guilty beyond a reasonable doubt of possessing with intent to distribute methamphetamine. The record does not show that Mr. Reeves was in possession of any controlled substance and that he had the intent to distribute the controlled substances. The government's key witness was Mr. Reeves's co-defendant, Jennifer McGrotha. In her testimony, she never tells the jury she saw drugs in Mr. Reeves's possession or that he handed her any drugs. It was her money, her drugs. Further, she told jurors that she was planning on selling the drugs herself and never states that Mr. Reeves was her partner or one of her customers. Mr. Reeves was solely there to drive Ms. McGrotha because she would get "dope sick" from using heroin and methamphetamine. There was insufficient evidence that any trier of fact could have found Mr. Reeves guilty of possession with intent to distribute the methamphetamine and his conviction should be reversed.

## Argument and Citation of Authority

II.    THE CONVICTION OF MR. REEVES FOR POSSESSION
WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
MUST BE REVERSED, BECAUSE THE EVIDENCE WAS
INSUFFICIENT TO SUPPORT THE JURY'S VERDICT.

To convict a defendant of possession with intent to distribute a
controlled substance, the government must prove beyond a reasonable
doubt that the defendant knowingly possessed a controlled substance
with intent to distribute. *United States v. Faust*, 456 F.3d 1342, 1345.
(11th Cir. 2006). The government may prove possession by actual or
constructive possession. *United States v. Woodward*, 531 F.3d 1352 (11th
Cir. 2008). Actual possession requires evidence that the defendant had
either physical possession or personal dominion. *United States v.
Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996). Here, the evidence at trial
was insufficient to convict Mr. Reeves with possession of
methamphetamine with intent to distribute because it was entirely
circumstantial. "Where the government relies on circumstantial
evidence, reasonable inferences, and not mere speculation, must
support the jury's verdict." *United States v. Isnadin*, 742 F.3d 1278,
1303 (11th Cir. 2014).

14

i.   *There was no evidence that Mr. Reeves was in actual or constructive possession of the drugs.*

The only witness to testify about Mr. Reeves's involvement was his co-defendant, Jennifer McGrotha.  During her testimony, there was no evidence presented to show that Mr. Reeves was in actual possession of the drugs.  Jennifer McGrotha testified that she gave the money to Mr. Reeves, she left and came back, and she saw the drugs at the house in Peachtree City. (Doc. 120 at 118-120). She could not remember how the drugs were packaged, but then tells the jury that she put the drugs "in my car" and in the "air filter". (Doc. 120 at 119; 10-18). She never says that Mr. Reeves handed her the drugs or if the drugs were handed to her by the dealer or if they were placed on top of somewhere for to grab. The government then tried to elicit testimony from Jennifer about the drugs found in the front of her vehicle. The government asked her:

Q: "Now, at some point did something get put around the outside of the drugs?"

A: Yes. That's—

Q: Where was that?

A: I guess meth. That's where the K-9 hit the car at on the tire.

Q: Listen to my question, though.

15

The government then asks here again about the drugs seen at the house and what she did with them.

> A: And I put my meth in the air filter in my car.

> Q: All right. Now, at some point did anything get added to the outside of that meth before it went into the air filter?

> A: I'm not sure. Not that I know of.

(Doc. 120 at 120; 9-12). Jennifer then talks about using heroin and then seeing Mr. Reeves by the front tire.

> Q: Okay. What did you see him doing at the front right side tire?

> A: I really wasn't paying attention. I just know he was doing something there. (Doc. 120 at 121-122; 25-3)

There was no evidence or testimony that Jennifer McGrotha saw any drugs in Mr. Reeves's hands or possession; or that she saw him place drugs in the front of the vehicle; or that he handed her any drugs. Uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not on its face incredible or otherwise insubstantial. *United States v. LeQuire*, 943 F.2d 1554 (11ᵗʰ Cir. 1991). For a witness's testimony to be incredible or insubstantial on its face it must be testimony as to facts that the witness physically could not have possibly

observed or events that could not have occurred under the laws of nature. *Id.* Ms. McGrotha admitted that she was "dope-sick" and does not have a great memory from abusing drugs over the years. (Doc. 120 at 112, 120). There was no other evidence presented to show that Mr. Reeves had possession of the methamphetamine. No fingerprint analysis was done (Doc. 120 at 100) and no other evidence to corroborate that Mr. Reeves had possession of the methamphetamine. Further, there was no evidence that Mr. Reeves was in constructive possession of the methamphetamine. Jennifer McGrotha never testifies that Mr. Reeves handed her the drugs that she put in her car and in the air filter. While Mr. Reeves drove the car, Jennifer McGrotha also drove the vehicle as well and it belonged to her. (Doc. 120 at 121). It was very clear from Jennifer McGrotha that she traveled to purchase drugs with her money, she planned on selling the drugs to pay for her drug habit, that she placed her drugs into her car and into the air filter, and that Mr. Reeves agreed to drive her because she knew she would get "dope-sick".

The only evidence linking Mr. Reeves to the incident was that he drove Ms. McGrotha to Peachtree City because she would get "dope-

sick". Mere association with a conspirator and presence in a vehicle which engages in counter-surveillance maneuvers is not sufficient to establish possession with intent to distribute. *United States v. Lopez-Ramirez,* 68 F.3d 438 (11th Cir. 1995). In *United States v. Leonard*, 138 F.3d 906 (11th Cir. 1998), the court reversed the conviction of a passenger in an automobile who was convicted of possession with intent to distribute several kilos of cocaine that were hidden in the tailgate. While the jury could have inferred that the defendant was aware of the cocaine in the vehicle, there was no evidence linking him to the possession of the drugs, either actually or constructively. A defendant may not be found guilty of illegally distributing drugs merely because he was present at an illegal sale of drugs. *United States v. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995). Neither may a defendant be found guilty because he closely associated with the perpetrator, had knowledge of the offense, or even sympathetically observed the activity. *Id.*

While Mr. Reeves agreed to drive Jennifer to Peachtree city so she can purchase drugs, he was not in possession, either actually or constructively of the methamphetamine. Jennifer McGrotha never

18

testified that she saw Mr. Reeves with the drugs or that she agreed to give or sell Mr. Reeves some of the drugs. She never testified that Mr. Reeves was even a user of drugs or one of her buyers. In fact, she tells the jury it was her money used to purchase drugs (Doc. 120 at 118), that she put the drugs in the car and in the air filter (Doc. 120 at 119), that she was the only one who used the drugs in the parking lot (Doc. 120 at 123) and Mr. Reeves did not use any drugs. Other than her testimony, the government never presented additional evidence that Mr. Reeves was a drug purchaser, dealer, or supplier or that Mr. Reeves would receive a portion of the drugs or benefit from the drug transaction.

Even if the court were to find that he was in possession of the drugs, there was no evidence that he knowingly intended to distribute the drugs. Jennifer McGrotha testified that she planned on selling the drugs to pay for her drug use (Doc. 120 at 114-115), that she purchased and sold drugs "countless times" for years (Doc. 120 at 108) and normally dealt to "two or three" customers. (Doc. 120 at 115). She never testified that Mr. Reeves is her customer or that they are business partners or that she would give Mr. Reeves any drugs for driving her to Peachtree City.    To prove intent to distribute, it "can be proven

circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) The quantity alone is insufficient to prove that Mr. Reeves was in possession with intent to distribute, especially when there is evidence that Jennifer McGrotha intended to "keep most of it and sell a little bit of it." (Doc. 120 at 114-115). There were no telltale signs of distribution by Mr. Reeves introduced into evidence or testified to during the trial that could lead a reasonable juror to conclude that there was a plan to deliver the drugs and that was Mr. Reeves's intent. Even viewing the evidence in light most favorable to the government, no trier of fact could find proof beyond a reasonable doubt, which is evident when the jury acquitted Mr. Reeves of Count two, possession of the heroin with intent to distribute. If there is insufficient evidence to convict on one count, then there is insufficient evidence to convict on the other charges. At best, the totality of the evidence a raised a question of Mr. Reeves's guilt and does not remove all reasonable doubt in this case. Mr. Reeves's conviction should be reversed, and his sentence vacated.

## Conclusion

For these reasons, Mr. Reeves respectfully requests that this Court reverse his conviction and vacate his sentence.

Respectfully submitted this 26th day of June, 2024.

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel:  (706) 358-0030
Fax: (706) 358-0029
Email:  jessy_m_lee@fd.org
Appellate Counsel for Mr. Reeves

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32 (a)(7), I, Jessica Lee, appellate counsel for Mr. Reeves, hereby certify that the number of words in this brief, as counted by the Microsoft Office Word processing system, according to the method described in 11th Cir. R. 32-4, is <u>3680</u> words, which is less than the 13,000 allowed for appellate briefs by Fed. R. App. P. 32(a)(7)(B)(i).

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel: (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Reeves

## Certificate of Service

I, Jessica Lee, hereby certify that on June 26, 2024, electronically filed the foregoing *Appellant's Principal Brief* with the Clerk of Court for the Eleventh Circuit using the CM/ECF Appellate system, which will send electronic notification of such to all counsel of record. I also certify that I caused a copy of the foregoing *Appellant's Principal Brief* to be served in paper format upon Mr. Reeves, by placing a copy of the same in the United States Mail, postage prepaid, addressed to: Mr. Ryan Reeves, BOP # 18238-510 at FCI Butner Low, Federal Correctional Institution, P.O. BOX 999 Butner, NC 27509. I further certify that I caused the foregoing submission to be dispatched for filing with the Clerk of Court by Federal Express overnight delivery.

JESSICA M. LEE
Federal Defenders of the
Middle District of Georgia, Inc.
233 12th Street, Suite 400
Columbus, Georgia 31901
Tel: (706) 358-0030
Fax: (706) 358-0029
Email: jessy_m_lee@fd.org
Appellate Counsel for Mr. Reeves